SEND

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 07-5569 SJO (PLAx) | **DATE:** November 27, 2007 |
| **TITLE:** Scott Kairalla v. Advanced Medical Optics, Inc., et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT LEAD PLAINTIFF AND TO APPROVE LEAD COUNSEL
[Docket No. 17]

Plaintiff NECA-IBEW Pension Fund (The Decatur Plan) (hereinafter, "NECA"), not named in the original Complaint, has filed a Motion to be Appointed Lead Plaintiff and to Approve Selection of Lead Counsel.[1] The Motion is unopposed. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for November 26, 2007. L.R. 7-15. For the following reasons, Plaintiff's Motion is GRANTED.

I.   BACKGROUND

On August 24, 2007, Plaintiff Scott Kairalla filed a purported securities fraud class action lawsuit against Defendants Advanced Medical Optics, Inc. ("AMO"), James V. Mazzo, Richard A. Meier, Holger Heidrich, Aimee S. Weisner, and Leonard R. Borrmann (collectively, "Defendants"), alleging that AMO made a series of false and misleading statements concerning one of their products. Kairalla was the first plaintiff to file suit and published notice of the action on August 24, 2007. Pursuant to this notice, NECA brought the instant Motion.

II.   DISCUSSION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth the requirements for appointing lead plaintiff and lead counsel. The Court finds that these requirements are met.

   A.   NECA Meets PSLRA's Lead Plaintiff Requirements.

---

[1] The Motion also sought to consolidate the present action with a related class action against the same Defendants. The issue of consolidation was addressed in a prior order of the Court. (Order of Nov. 20, 2007.)

Case 2:07-cv-05569-SJO-PLA   Document 25   Filed 11/27/07   Page 2 of 3   Page ID #:14

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 07-5569 SJO (PLAx)          DATE:  November 27, 2007

1.      The Motion Is Timely.

The PSLRA requires plaintiffs in securities class actions to promptly publish notice advising class members of the pendency of the action and of their right to move to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Such a motion must be filed within sixty days of the date on which the notice was published. *Id.* On August 24, 2007, Kairalla published notice of the purported class. (McCormick Decl. Ex. C.) The Motion was filed on October 23, 2007 and is therefore timely.

2.      NECA Has the Largest Financial Interest in the Relief Sought.

The Court shall adopt a presumption that the most adequate plaintiff is the one that has the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)B)(iii)(I)(bb). NECA has suffered a loss of approximately $96,600, which it believes is the largest financial interest in the relief sought in the present case. (McCormick Decl. Ex. B.) On this basis, and because the Motion is unopposed, it appears that NECA has the largest financial interest.

3.      NECA Meets the Requirements of Federal Rule of Civil Procedure 23.

The lead plaintiff must furthermore "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A member of a class action suit may sue as a representative of all class members if (1) the claims of the representative are typical of the claims of the class and (2) if the representative will fairly and accurately protect the interests of the class. Fed. R. Civ. P. 23(a).

   a.   NECA's Claims Are Typical.

"A plaintiff's claim meets [the typicality] requirement if it arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Thomas v. Baca*, 231 F.R.D. 397, 400 (C.D. Cal. 2005) (internal quotation marks omitted). The typicality requirement has been liberally construed: "[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Here, NECA and other members of the class allege that Defendants publicly disseminated materially false and misleading statements about a certain AMO product and that, as a result, NECA and other members of the class purchased securities at artificially affected prices. (Mot. 7.) The claims of NECA are based on the same legal and remedial theories as those of other class members. Accordingly, NECA's claims are typical.

   b.   NECA Will Adequately Represent the Interests of the Class.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 07-5569 SJO (PLAx)</u>           DATE:  <u>November 27, 2007</u>

Resolution of two legal questions determines legal adequacy: (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 656 (C.D. Cal. 2000).

According to NECA, "there is no antagonism between its interests and those of the class members." (Mot. 8.) Based on the record, the Court agrees. NECA has signed a sworn certification affirming its willingness to serve as and to assume the responsibilities of all class members. (McCormick Decl. Ex. A.) As discussed above, the claims of NECA are typical of those of the other class members. Thus, there does not appear to be a conflict in terms of the relief sought. And as discussed below, NECA's counsel appear to be well qualified to vigorously prosecute the action. For these reasons, and because the Motion is unopposed, the Court is satisfied that NECA will adequately represent the interests of the class.

    B.    <u>NECA's Selection of Lead Counsel Is Appropriate</u>.

The lead plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). The court may not disturb lead plaintiff's choice of counsel unless necessary to protect the interests of the class. *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *accord In re Cavanaugh*, 306 F.3d 726, 732-33 (9th Cir. 2002) (noting that the process is not a "beauty contest" and that courts may only set aside lead plaintiff's choice if it is "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff").

NECA selected Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as its lead counsel. Coughlin Stoia has submitted extensive documentation showing its qualifications to serve as lead counsel on the behalf of the class. For example, the firm is currently the lead or named counsel in approximately 500 securities class action or large institutional-investor cases. (McCormick Decl. Ex. D.) The Court is satisfied that Plaintiff's choice of lead counsel is sound.

III.    <u>RULING</u>

Because the PSLRA requirements are met, the Court GRANTS NECA's Motion, appointing NECA as Lead Plaintiff and approving NECA'S selection of Coughlin Stoia as Lead Counsel.

IT IS SO ORDERED.